# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARCELLUS HAYWORD BAKER, Sr.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MIDWEST CORPORATE AVIATION,** )<br>**ET AL.,** )<br>)<br>**Defendants.** )<br>)<br>) | Case No. 08-1164-EFM |

## MEMORANDUM AND ORDER

This matter is before the court on the following motions:

    1. Plaintiff's Motion to Compel (Doc. 14);

    2. Plaintiff's Motion to Amend Complaint (Doc. 24); and

    3. Defendants' Motion for a Protective Order (Doc. 25).

The court's rulings are set forth below.

## Background

This is an employment discrimination case based on race, national origin and gender. Highly summarized, plaintiff (pro se) alleges that he "was called blackie by the owner of the airport's son." When he complained to his supervisor about the racial slur, he was terminated. Plaintiff asserts that defendants' wrongful conduct involves: (1)

termination of his employment, (2) terms and conditions of employment, (3) retaliation, (4) harassment, and (5) "other" [made to feel "like less than an equal man"].[1]

**1. Plaintiff's Motion to Compel (Doc. 14)**

Plaintiff moves for an order requiring defendants to produce "all documents in the internal investigation by Midwest Corporate Aviation and all other documents pertaining to this case." (Doc. 14). Defendants oppose the motion, arguing that the requested materials are protected from disclosure by the work product doctrine. For the reasons set forth below, the motion to compel shall be DENIED.

The party seeking to invoke the work product doctrine must show that (1) the materials sought to be protected are documents or tangible things, (2) prepared in anticipation of litigation or trial, and (3) prepared by or for a party or a representative of that party. Fed. R. Civ. P. 26(b)(3)(A). In support of their work product argument, defendants submit the affidavit of defense counsel explaining that the materials sought by plaintiff are (1) interview notes of various witnesses, (2) prepared after counsel was retained to defend plaintiff's claims of discrimination, and (3) prepared by defense counsel. Under the circumstances, defendants have established that the interview notes are protected by the work product doctrine. Moreover, plaintiff has failed to show that he is unable to obtain "their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Accordingly, plaintiff's motion to compel shall be DENIED.

---

[1] Plaintiff utilized a preprinted complaint form provided by the clerk's office to help pro se plaintiffs articulate their claims.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 14)** is **DENIED.**

### 2. Plaintiff's Motion to Amend (Doc. 24)

Plaintiff moves to amend his complaint to show that Midwest's "proper name" is Midwest Corporate Aviation, Inc. (Doc. 24).  No response in opposition has been filed by defendants; therefore, the motion shall be GRANTED as an uncontested matter pursuant to D. Kan. Rule 7.4.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 24)** is **GRANTED.**  Because plaintiff proceeds pro se, the complaint shall be deemed amended to show that Midwest's "proper name" is Midwest Corporate Aviation, Inc.

### 3. Defendants' Motion for a Protective Order (Doc. 25)

Defendants move for a protective order to protect proprietary information, trade secrets, and sensitive personal information.  No response in opposition has been filed.  More importantly, the court is satisfied that defendants have shown the need for entry of a protective order.

**IT IS THEREFORE ORDERED** that defendants' motion for a protective order (**Doc. 25)** is **GRANTED.**[2]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 29th day of October 2008.

>
> S/ Karen M. Humphreys
> _____
> KAREN M. HUMPHREYS
> United States Magistrate Judge

---

[2] The terms and conditions of the protective order will be set forth in a separate order.