# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARCELLUS HAYWORD BAKER, Sr.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Case No. 08-1164-EFM |
| ) | |
| **MIDWEST CORPORATE AVIATION,** ) | |
| **ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's "Motion to Reconsider Appointment of Counsel." (Doc. 35). In determining whether to grant plaintiff's request, the court is guided by Castner v. Colorado Springs Cablevision, 979 F.2d 1417 (10th Cir. 1992). The Tenth Circuit has identified four factors which are relevant to the district court's discretionary decision whether to appoint counsel: (1) plaintiff's financial inability to pay for counsel; (2) plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination and (4) plaintiff's capacity to present the case without counsel. For purposes of the present order, the court will accept the veracity of plaintiff's affidavit of poverty. The court also will accept plaintiff's statement that he contacted the Wichita Bar Association Referral Service and a law firm but was unsuccessful in securing counsel. However, the court presently does not have sufficient information to

fully evaluate the merits of plaintiff's claims. With respect to plaintiff's capacity to present his case, plaintiff is capable of articulating the wrong he believes he suffered.

The court provisionally appoints Larry G. Michel of the law firm, Kennedy, Berkley, Yarnevich & Williamson, Salina, Kansas, to represent plaintiff. Mr. Michel's initial responsibility will be to confer with plaintiff and make such investigation as may be necessary to determine whether he will recommend to the court that he be permanently appointed to represent plaintiff. If, upon completion of his initial investigation, Mr. Michel does not wish to accept permanent appointment, he shall notify the court and, to the extent consistent with professional responsibility, report his reasons in order to assist the court in making its determination under factors 3 and 4 of the Castner test.[1]

The clerk is directed to send a copy of this order to Mr. Michel and plaintiff. The plaintiff shall contact Mr. Michel at his office, phone number 785-825-4674, immediately upon receipt of this order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 30th day of September 2009.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[1] Under certain circumstances appointed counsel may be reimbursed for reasonable out-of-pocket expenses which the client is unable to pay. See D. Kan. Rule 83.5.3(e)(2) (permissible disbursement from bar registry fund). The procedure for seeking reimbursement has recently been amended and counsel should review D. Kan. Rule 83.5.3(f) if a request for reimbursement of out-of-pocket expenses is contemplated.